The defendant admitted himself to be in possession of all the lands except those included in the lines C, D, E, M; of that part the plaintiff was in possession.
The defendant produced a judgment in Orange court against James Cheek;
and an execution under which the lands A, B, C, M, I, K, L, had been levied on and sold by the sheriff to William Kirkland, by deed dated in August, 1820.
He showed also another judgment against Robert Cheek, the (345) elder, at March Term, 1818, of Orange Superior Court, an execution thereon and a sale by the sheriff to William Kirkland of the lands A, B, C, M, E, F, G, H, I, K, L, as the lands of Robert Cheek, the elder, on 7 August, 1820.
The defendant then called witnesses to prove that, more than 30 years before, James Cheek had purchased from Robert Cheek, the elder, the tract A, B, C, M, I, K, L, paid him for it, entered into possession, had it surveyed, the line C, M, I, marked between them, and that James had ever since lived on it and occupied it exclusively as his own. The court rejected the evidence of any agreement between Robert and James *Page 196 
whereby James became the purchaser, unless the land was actually conveyed by deed, upon the ground that such evidence would not show the legal title to be out of the plaintiff, which alone could be regarded in this action.
The defendant then alleged that the three pieces of land in the plat were separate and distinct from each other, and that McKerall had only purchased C, D, E, M; and to prove this point he called several witnesses, from whose testimony it appeared that the portions of land described in the diagram as James' and Robert's land were sold to them respectively many years ago by their father, old Robert Cheek; that no deeds were executed, but that they had exercised over them acts of ownership ever since they purchased; that their boundaries were clearly marked out, and that it was the general understanding through the neighborhood that Robert Cheek, the elder, owned only C, D, E, M. The officer who sold the land described it as the place where old Robert Cheek lived, and all his interest therein, supposed to contain 125 acres, more or less; he did not think it included the lands on which James and Robert lived, nor did he so represent it, and the sheriff, when requested to sign a deed describing the land by metes and bounds as containing 300 acres, refused to do (346) so, from a belief that only 125 acres were sold.
The court charged the jury that it appeared all the three pieces of land had originally been one tract, whereof the title was in Robert Cheek, the elder, and he had never actually conveyed it to his sons or either of them, and that all the interest of Robert, the elder, had been sold and conveyed by the sheriff to McKerall, and that, although at the sale it was described as containing 125 acres, more or less, yet his legal interest extended to the whole tract of 300 acres, and the sheriff had conveyed it by metes and bounds, which included the 300 acres, whereby the whole tract passed, though called in the deed 125 acres, more or less. And that under these circumstances the sheriff's deed was the highest evidence of what land was sold, notwithstanding the testimony of the witnesses, and that it was conclusive evidence of the plaintiff's right and entitled him to recover. Verdict for the plaintiff, new trial refused, judgment and appeal.
It seems that the sheriff conveyed the land in question not only without knowing it, but contrary to a determination he had made not to do it, because he considered that he had only levied upon and sold 125 acres, the land on which Robert Cheek, the elder, lived. Nor could he have been prevailed upon to convey it if the courses including it had not been inserted in a way calculated to deceive him, by *Page 197 
estimating the whole amount conveyed at 125 acres, more or less; for he was altogether unacquainted with the courses.
Design or fraud practiced upon innocence and ignorance in this way ought not to have the effect to deprive men of their rights and put it out of the power of courts of common law to restore them. I do not concur in the opinion that the deed executed by the sheriff is conclusive and binds the title. I do not hesitate to say that the rule for a new trial should be made absolute.